**NOT FOR PUBLICATION**                                      **CASE CLOSED**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JOHN D. WEST, JR., | : | Civil Action No. 07-01009 (SDW) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| THE CITY OF NEWARK, | : | |
| | : | October 31, 2007 |
| Defendant. | : | |
| | : | |

**WIGENTON,** District Judge.

Before the Court is Defendant City of Newark's ("Defendant") Motion for Summary Judgment (the "Motion"), pursuant to Federal Rule of Civil Procedure 56(c). The Court, having considered the parties' submissions and having decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth below, **GRANTS** Defendant's Motion.

I.      **JURISDICTION AND VENUE**

This Court has original jurisdiction over the federal claims in this matter pursuant to 28 U.S.C. §§ 1331 and 1343(3), and pendent jurisdiction over the state claim pursuant to 28 U.S.C. §1367. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c).

1

II.     **FACTS and PROCEDURAL HISTORY**

Plaintiff was hired as a City of Newark firefighter on June 19, 1978, and was later assigned to the Division of Fire Prevention on May 15, 1989. (Compl. ¶¶ 9,10). On or about December 6, 2000, Defendant created the Supervising Fire Prevention Specialist ("SFP") position. (Compl. ¶ 11). The SFP position is a civilian assignment and not open to uniformed firefighters. (Ans. ¶ 18). In December 2002, Plaintiff, amongst others, filed an ancillary lawsuit against Defendant which is currently pending before this Court alleging race discrimination, failure to promote, and hostile work environment claims entitled *Vulcan Pioneers, et al. v. City of Newark, et al.*, No. 02-5802.

On July 21, 2003, Defendant provisionally appointed three (3) individuals to the SFP position. (Compl. ¶ 17). On August 5, 2003, the Newark Firefighters Union filed a grievance on behalf of Plaintiff (and another Newark firefighter) against Defendant for their non-consideration of the SFP position, which was submitted to binding arbitration.[1]  On January 1, 2004, Plaintiff retired from the City of Newark Fire Department, and continued pursuit of the SFP position. (Compl. ¶ 19). On October 21, 2005, an Opinion and Award was issued in favor of Plaintiff, ordering Defendant to provisionally appoint Plaintiff to the SFP position. (Compl. ¶¶ 22, 23).

On March 2, 2007, Plaintiff filed the instant Complaint asserting the following three (3) claims against Defendant: (1) violation of his First Amendment right to freedom of speech under 42 U.S.C. §1983; (2) violation of the New Jersey Law Against Discrimination (NJLAD), N.J.S.A. 10:5-1 *et. seq.*; and (3) violation of the Conscientious Employee Protection Act (CEPA), N.J.S.A. 34:19-1 *et. seq.* (Compl. at 6-8). Defendant filed an Answer generally denying Plaintiff's allegations. Defendant now moves for summary judgment[2] on Plaintiff's Complaint.

---

[1] According to Plaintiff's Complaint, Plaintiff did not place his name on the interested list of eligibles for the SFP position until November 2003, two months after he filed his grievance. (Compl. ¶ 13).

[2] Although Defendant's motion is captioned a summary judgment motion, Defendant has made several demands for Plaintiff's Complaint to be dismissed. (Mot. Summ. J. at 1, 5, 7-9, & 11). Despite Defendant's inconsistency, this Court will treat Defendant's Motion as a summary judgment motion.

## III.    **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant; it is material if under the substantive law, it is outcome-determinative.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The movant has the initial burden to demonstrate that there is no genuine issue as to any material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986).  The movant must "present a factual scenario without any unexplained gaps."  *National State Bank v. Federal Reserve Bank of New York*, 979 F.2d 1579, 1581 (3d Cir. 1992).  Moreover, where the movant is the defendant, or the party that does not have the burden of proof on the underlying claim, it "has no obligation to produce evidence negating its opponent's case."  *Id.*  Rather, the movant can simply "point to the lack of any evidence supporting the non-movant's claim."  *Id.*  Once the movant has carried its burden under Rule 56(c), the opposing party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001).  If the opposing party fails to do so, "summary judgment, if appropriate, shall be entered against the [non-movant]."  Fed. R. Civ. P. 56(e).  In determining whether there is a genuine issue of material fact, the Court may not weigh the evidence or determine the truth in the matter.  *Anderson*, 477 U.S. at 249.  Moreover, the Court must draw all reasonable inferences in favor of the non-movant.  *Id.* at 255.

3

## IV.    **DISCUSSION**

### *a) Plaintiff's NJLAD Claim is Time-Barred Under the Applicable Statute of Limitations*

Plaintiff argues that Defendant's failure to promote Plaintiff to the SFP position was retaliatory for "speaking out and reporting the race discrimination. . . and the racially hostile work environment created by Defendant . . . " in violation of NJLAD 10:5-1 *et. seq.* (Compl. ¶ 43). Plaintiff asserts that there are no statute of limitations issues with its NJLAD claim as it began to accrue on or after October 23, 2005, when Defendant failed to honor the arbitration award appointing Plaintiff to the SFP position.  (Opp. to Summ. J. at 5-6).  Defendant contends that summary judgment is appropriate on Plaintiff's NJLAD claim as it is "untimely," and well beyond the statute of limitations.  (Mot. Summ. J. at 5).  Defendant bases its statute of limitations argument on two grounds: (1)  Plaintiff's NJLAD claim began to accrue on July 21, 2003, when three other individuals were appointed the SFP position; and (2)  Plaintiff's NJLAD claim is premised on a discrete act which, under the continuing violation doctrine, does not toll the statute of limitations. (Mot. Summ. J. at 7-8).  This Court agrees with Defendant's argument and finds Plaintiff's NJLAD claim is time-barred as a matter of law.  (Mot. Summ. J. at 7-8).

NJLAD claims are subject to a two-year statute of limitations.  *See Montells v. Haynes*, 133 N.J. 282, 291-98, 627 A.2D 654 (N.J. 1993); and *Rolax v. Whitman*, 175 F.Supp.2d 720, 725 (D.N.J. 2001).  A NJLAD claim begins to accrue on the date the incident occurred, or when an injured party knows or should have known that there is a basis for an actionable claim.  *Brannick v. New Jersey*, No. 06-356 (FLW), 2006 WL 3095862, *4 (D.N.J. Oct. 30, 2006).  The Third Circuit has repeatedly ruled that plaintiff's knowledge of a discriminatory act triggers the accrual date in a NJLAD claim.

4

"The proper focus of the statute of limitations inquiry is on the time of the discriminatory act, not at the point at which the consequences of the act become painful." *Miller v. Beneficial Mgmt. Corp.*, 977 F.2d 834, 842 (3d Cir. 1992); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1386 (3d Cir. 1994) (holding that "[a] claim accrues in a federal cause of action as soon as a potential claimant is aware, or should be aware, of the existence of and source of an injury"); and *Hanani v. State of New Jersey*, No. 03-3111 (GEB), 2005 WL 1308231, *8 (D.N.J. May 31, 2005), *aff'd*, 205 Fed. Appx. 71 (3d Cir. 2006) (holding that plaintiff's failure to promote claim under NJLAD was time-barred because plaintiff had knowledge of her injury when other employees were provisionally appointed over her, or at the latest, on the date she filed a Union grievance for alleged discriminatory promotion practices).

Pursuant to the Third Circuit's ruling in *Hanani*, Plaintiff's NJLAD claim began to accrue on July 21, 2003, when Defendant provisionally appointed three individuals to the SFP position over Plaintiff.  *Hanani*, 2005 WL 1308231 at *8-*10.  At the latest, Plaintiff unequivocally had knowledge of his injury on August 5, 2003 when he filed a grievance with the Union.  Assuming that Plaintiff's NJLAD claim accrued on August 5, 2003 rather than July 21, 2003, Plaintiff was required to file his NJLAD claim no later than August 5, 2005 in order to be timely.  As Plaintiff did not file his claim until March 2, 2007, the claim is well outside the applicable statute of limitations and is *prima facie* time-barred.

Plaintiff next contends that Defendant's failure to promote him to the SFP position is part of Defendant's ongoing discrimination, and therefore, the instant claim should be consolidated as

a continuing violation of the claims asserted in the pending *Vulcan* suit.[3]  (Opp. Summ. J. at 4-5).
A continuing violation is a claim "that would ordinarily be time-barred, but is sufficiently related to
incidents that fall within the statutory period or are part of a systematic policy or practice of
discrimination that took place, at least in part, within the period."  *National R.R. Passenger Corp.
v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002).  Plaintiff relies solely on the
decision in  *Hailey v. City of Camden*, 2006 US Dist. LEXIS 45267, *24-5 (D.N.J. July 5, 2006),
to support the notion that "courts have permitted post-complaint evidence as part of 'continued'
actions so long as the 'continued violation' is pled."  (Opp. Summ. J. at 4).

Plaintiff's reliance on *Hailey* is misplaced.  In *Hailey*, the Court allowed the plaintiff to
introduce further evidence of post-complaint discrimination in support of its claims against
defendants because it found plaintiff had asserted a continuing violation from the outset of the case.
*Id.* at *23-4.  Here, Plaintiff attempts to accomplish the exact opposite.  Not only has Plaintiff
initiated an entirely separate suit, but Plaintiff has also asserted entirely different claims based on
entirely different alleged discriminatory acts than those asserted in *Vulcan*.  The *Hailey* decision is
therefore highly distinguishable from the facts in this case, rendering Plaintiff's argument without
merit.

The United States Supreme Court in *Morgan* found a failure to promote to be a discrete act,
and thus not subject to the continuing violation doctrine.  *Id.* at 114.  As a discrete act, the Supreme
Court held that "[e]ach incident of discrimination and each retaliatory adverse employment decision
constitutes a separate actionable unlawful employment practice for which the time limitations on

---

[3] The Court notes that in theory there is no apparent bar to Plaintiff amending its
complaint in the *Vulcan* matter to include the instant claims.

6

filing individually applies." *Id.* The Third Circuit in *O'Connor v. City of Newark*, 440 F.3d 125 (3d Cir. 2006) expanded the *Morgan* framework by highlighting the bright-line distinction between discrete acts and continuing violations in New Jersey employment discrimination claims, and specifically NJLAD and CEPA claims. *Id.* at 129.

Although the continuing violation doctrine can apply to a NJLAD[4] claim, it is inapplicable to Plaintiff's NJLAD claim for failure to promote. Once a claim for a discrete act is determined to be time-barred, it cannot be resuscitated under the continuing violation doctrine, even if the act is related to acts that would otherwise be timely. *See Morgan*, 536 U.S. at 113; *Smith v. Amerada Hess Corp.*, No. 05-560 (JAP), 2005 WL 2897459, *4 (D.N.J. Oct. 31, 2005). As the instant claim is a separate and discrete act, and the Court has already concluded that Plaintiff's NJLAD claim is time-barred, the continuing violation does not apply, and Plaintiff's argument fails.

### b) Plaintiff's Section 1983 Claim is Time-Barred Under the Applicable Statute of Limitations

Plaintiff contends that Defendant, acting under the color of State law, violated 42 U.S.C. §1983, by depriving Plaintiff "of the privileges and immunities secured to him by the First and Fourteenth Amendments. . . in particular, his right to hold employment without infringement of his First Amendment right to freedom of speech." (Compl. ¶ 39). It is well established that a §1983 claim is subject to both state and federal law– the forum state's statute of limitations for personal injury actions applies, while federal law governs the date of accrual. *See Owens v. Okure*, 488 U.S. 235 (1989); *Genty v. Resolution Trust Corp.*, 937 F.2d 899 (3d Cir. 1991); *Montgomery v. DeSimone*, 159 F.3d 120 (3d Cir. 1998); and *Mullen v. Port Authority of New York and New Jersey*,

---

[4] *See Lindsey v. New Jersey Department of Corrections*, No. 04-3815 (RMB), 2007 WL 836667, *10 at n13 (D.N.J. Mar. 14, 2007).

100 F.Supp.2d 249 (D.N.J. 1999).  In New Jersey, the statute of limitations for personal injury actions is two (2) years.  *N.J.S.A.* 2A:14-2.  "Under federal law, a section 1983 cause of action begins to accrue when the plaintiff knows, or has reason to know, of the injury on which the action is based."  *Mullen*, 100 F.Supp.2d at 260.

Pursuant to the Court's analysis in subsection (a), *infra*, Plaintiff knew or had reason to know of his alleged injury on July 21, 2003, or at the latest, August 3, 2003 when he was denied provisional appointment and filed a grievance.  As such, Plaintiff would have had to file his §1983 claim by August 3, 2005 to fall within the statute of limitations.  As Plaintiff did not file his §1983 claim until March 2, 2007, his claim is *prima facie* time-barred as a matter of law.

### c) Plaintiff's CEPA Claim is Time-Barred Under the Applicable Statute of Limitations

Plaintiff argues that Defendant's "direct retaliation for Plaintiff's whistle blowing activity in connection with the aforementioned violations of law, rule, regulation, and/or public policy" constitutes a CEPA violation.  (Compl. ¶ 46).  CEPA was enacted to protect employees that speak out against organizations engaged in illegal or harmful activity from retaliatory action.  *Young v. Schering Corp.*, 141 N.J. 16, 23, 660 A.2d 1153 (1995).  CEPA claims may be brought by both current and former employees and must be asserted within one year from the date the employer originally retaliated against the employee.  *N.J.S.A.* 34:19-5; and *Zubrycky v. ASA Apple, Inc.*, 381 N.J.Super. 162, 168 n.2 (App. Div. 2005).  CEPA does not apply to post-employment conduct.  *See Young*, 141 N.J. at 30; *Boody v. Township of Cherry Hill*, 997 F.Supp. 562, 567 (D.N.J. Dec. 18, 1997) (holding that plaintiff's CEPA claim accrued no later than date of resignation); and *Zubrycky*, 381 N.J.Super at 168.

The Court has already determined Plaintiff's claim began to accrue no later than August 5,

2003.  Even assuming the accrual date is tolled to Plaintiff's retirement date, January 1, 2004,
Plaintiff's claim still falls outside the applicable one year statute of limitations.  As it is well
established that actions occurring post-employment are not actionable under CEPA, Plaintiff's
CEPA claim is time-barred as a matter of law.  *See Young*, 141 N.J. at 30; *Boody*, 997 F.Supp. at
567; and *Zubrycky*, 381 N.J.Super at 168.

## V.    <u>CONCLUSION</u>

For the foregoing reasons, Defendant's Motion for Summary Judgment pursuant to Federal
Rule of Civil Procedure 56(c) is hereby **GRANTED**.  Plaintiff's Complaint is dismissed in its
entirety with prejudice and the Clerk of the Court shall remove this case from the Court's active
docket.

s/Susan D. Wigenton, U.S.D.J.

cc: Madeline Cox Arleo, U.S.M.J.

9